**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

JEROME PASKEL                                          PETITIONER
ADC #154593

V.                              No. 4:22-CV-726-LPR-JTR

DOE                                                    RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I.    Introduction

On August 15, 2022, Petitioner Jerome Paskel ("Mr. Paskel"), an inmate incarcerated in the Ashley County Detention Center ("ACDC"), filed a letter with this Court addressed to the "Arkansas post prison Transfer Board." *Doc. 1*. The Clerk's Office docketed the two-page letter along with two pages of attachments as a Complaint brought under 42 U.S.C. § 1983.

The Court finds that the letter is more appropriately characterized as a Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2254.[1] However, because of fatal legal deficiencies in the Petition, the Court recommends it be dismissed, without prejudice.

## II.    Discussion

On June 16, 2022, the Arkansas Parole Board found that Mr. Paskel had violated conditions of his parole and sentenced him to a six-month revocation term in the Arkansas Department of Correction, with the sentence suspended "pending 90-days of good behavior in the County Jail." *Doc. 1 at 4*. Mr. Paskel successfully completed approximately two weeks of the suspended sentence as a kitchen trustee in the Ashley County Detention Center.

On the evening of June 30, 2022, Mr. Paskel completed his kitchen duties and, as part of his usual routine, took some cleaning supplies with him so he could "clean [his] cell, the shower and get some rest." *Id.* Detention Officer Joshua Locke ("Officer Locke") confronted Mr. Paskel and explained that "cleaning chemicals cannot enter the housing units without an officer on the floor to supervise." *Doc. 1 at 3*. Because Mr. Paskel had previously been allowed to take the cleaning supplies

---

[1] Mr. Paskel is a state prisoner challenging the duration of his confinement. Thus, his pleading should be construed as a § 2254 habeas Petition. *Wilkinson v. Dotson*, 544 U.S. 74, 78–82 (2005) (A prisoner cannot use § 1983 to seek "his immediate or speedier release into the community" and must instead bring that claim through a federal habeas corpus action.).

to his cell, he became frustrated and cursed. *Id.* Officer Locke "wrote a note" in Mr. Paskel's file "in case of further events that needed corrective action." *Id.* As a result of the June 30 incident, the Parole Board reinstated Mr. Paskel's six-month revocation sentence. *Doc. 1 at 1*.

Mr. Paskel alleges that he was not subject to a disciplinary for the June 30 incident, no official "Incident Report" was filed, and the matter was not brought before the ACDC Sheriff or Jail Administrator. Thus, he argues that his six-month sentence should not have been reinstated by the Parole Board. In support of his position, he attaches a letter from ACDC Supervisor Dominique Bankston who states that both she and Officer Locke are "confused as to why [Mr. Paskel] lost his 90 day sanction." *Doc. 1 at 3*.

There are two fatal legal deficiencies in Mr. Paskel's habeas Petition.

First, Mr. Paskel's habeas Petition does not state a claim for relief because he does not assert that his rights under the United States Constitution have been violated. To be actionable, a habeas Petition must allege facts sufficient to support a claim that the petitioner's rights have been violated under the Constitution, laws or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Here, Mr. Paskel alleges that the Arkansas Parole Board should not have reinstated his six-month revocation sentence based on the misunderstanding between him and Officer Locke. This allegation falls far short of establishing that the Parole

Board's exercise of its broad discretion to revoke Mr. Paskel's parole violated his constitutional rights.

Second, even if this claim passed constitutional muster,[2] it would still not be actionable because it is readily apparent that Mr. Paskel did not exhaust his administrative remedies in state court *before* initiating this habeas action. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for writ of habeas corpus…shall not be granted unless it appears that the [state prisoner] has exhausted the remedies available in the courts of the State.").[3]

Accordingly, because Mr. Paskel has not exhausted his administrative remedies, this habeas action should be dismissed, without prejudice. Rule 4, Rules

---

[2] Under a liberal reading of the Petition, Mr. Paskel could be alleging that his due process rights were violated when he was not able to present evidence before having his six-month sentence reinstated. However, a liberty interest must be at stake to allege a proper due process violation. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Considering Mr. Paskel does not have a liberty interest in parole itself, it is unlikely he has a liberty interest related to the Arkansas Parole Board's decision that his misconduct violated its 90-day good behavior program. *See Jones v. Payne*, No. 4:20-CV-1425-LPR-JTR, 2020 WL 8265417 (E.D. Ark. Dec. 30, 2020), *report and recommendation adopted,* 2021 WL 261285 (E.D. Ark. Jan. 25, 2021) (finding Arkansas inmate had no liberty interest in being released on parole and, thus, had not stated a cognizable constitutional due process claim); *Wood v. Arkansas Parole Bd*., 2022 Ark. 30, 6, 639 S.W.3d 340, 344 (2022) ("Arkansas parole statutes and the parole board policies and regulations do not create a protectable liberty interest in discretionary parole decisions.").

[3] While the Court has liberally construed Mr. Paskel's letter to the "Arkansas post prison Transfer Board" as a § 2254 habeas Petition, it is certainly possible that Mr. Paskel inadvertently mailed this letter to the Court, instead of the Parole Board, and that he is actually trying to exhaust his state court remedies. However, even if that is the case, this Court is barred from considering Mr. Paskel's habeas Petition. *Graves v. Ault*, 614 F.3d 501, 505 (8th Cir. 2010) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)) ("Comity...dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.").

Governing Section 2254 Cases in the United States District Court ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."); *see also* 28 U.S.C. § 2243.

### III.    Conclusion

IT IS THEREFORE RECOMMENDED THAT all claims asserted in Petitioner Jerome Paskel's 28 U.S.C. § 2254 Petition (*Doc. 1*) be DENIED, and this case be DISMISSED, without prejudice.[4]

Dated this 1st day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] For administrative purposes, it is also recommended that the Clerk of the Court be directed to recategorize this action as a § 2254 habeas action.